CHARLES BREWER & others *vs.* AMERICAN INSURANCE COMPANY.

Suffolk. Nov. 20, 1876; June 5. — July 3, 1877. AMES, ENDICOTT & SOULE, JJ., absent.

A policy of marine insurance, insuring $3000 on freight valued at $15,000, contained the following clause: " In case of general average, this company is not liable to contribute on a sum greater than the amount herein insured." During the voyage, the vessel met with a general average loss which was adjusted at the port of destination, where the owner received his entire freight, namely, $20,564.34. The contributory value of the freight, after making the customary deductions, was $13,832.86, and the owner paid $4276 in behalf of the freight. *Held,* that the in-

surer on freight was liable only for $623.79, being a sum bearing the same propor-
tion to the whole amount contributed by the freight which the sum insured bore
to the whole freight earned.

CONTRACT on a policy of insurance against perils of the seas,
whereby the defendant insured the plaintiffs $5000 on the ship
Coringa, valued at $25,000, and $3000 on her freight "on board
or not on board," valued at $15,000, on a voyage therein de-
scribed.  The policy contained the following clause : "In case
of any loss or misfortune, it shall be lawful for the insured, their
factors, servants and assigns, to sue, labor and travel for, in and
about the defence, safeguard and recovery of the said ship and
freight or any part thereof, without prejudice to this insurance ;
to the charges whereof the said insurance company will con-
tribute, in proportion as the sum insured is to the whole sum at
risk."   In the margin of the policy was the following clause :
" In case of general average, this company is not liable to con-
tribute on a sum greater than the amount herein insured."

The case was submitted to the Superior Court on an agreed
statement of facts in substance as follows :

The ship, while insured under the policy, was injured by perils
of the seas, and it was necessary for the preservation of the ship
and cargo to put into the port of Honolulu, and there to unload
the cargo and store the same while the ship was being repaired,
and to load it again, and to incur other expenses in and about
the same.   By reason thereof the ship was enabled to and did
complete her voyage to Hamburg, and there received the whole
amount of freight, namely, $20,564.34.   A general average ad-
justment was made in Hamburg, in which the contributory value
of the cargo, after deducting freight and charges, appeared as
$4572.23; that of the vessel, $13,535.07, and that of the freight,
after making the customary deductions, as $13,832.86.   In ac-
cordance with the adjustment, the plaintiffs, as owners of the
ship, were obliged to pay and did pay the sum of $4184 in be-
half of the vessel, and the sum of $4276 in behalf of the freight,
as contributions to the general average loss.

The defendant owes the plaintiffs the sum of $836.80, its pro-
portion of the ship's contribution to the general average loss.
The plaintiffs contend that the amount of the loss to be paid
by the defendant, as insurer of $3000 on the freight, is $855.20,

being a sum bearing the same proportion to $4276, the whole amount contributed by the freight, which $3000, the sum insured by the defendant on the freight, bears to $15,000, the valuation of the freight in the policy. The defendant contends that the amount of loss to be paid by it is $623.79, being a sum bearing the same proportion to said $4276, the whole amount contributed by the freight, which said $3000, the sum insured by the defendant on the freight, bears to $20,564.34, the whole freight earned.

Judgment was to be entered for the plaintiffs for $1692, or for $1460.57, as the court should order, together with interest from August 17, 1874.

The Superior Court ordered judgment for the smaller sum; and the plaintiffs appealed to this court.

The case was argued at the bar in November 1876, and further argued in writing in June 1877.

*H. W. Paine & W. W. Vaughan,* for the plaintiffs. 1. It is admitted that the expenditures in this case were for the " defence, safeguard and recovery " of the ship and freight. The sum insured is also fixed ; and the only question is, " What is the whole sum at risk ? " In the case of freight, the sum at risk is the freight. This has been stated by the insured to be worth $15,000, and the insurer has accepted this valuation, and agreed to stand by it. This, then, is the sum at risk, for it is what the insurer risks by signing the policy. The defendant, therefore, as insurer of freight, is to pay a sum which bears the same proportion to the sum paid in behalf of the freight that $3000 bears to $15,000.

2. If compensation is to be recovered from the defendant under the implied undertaking to pay a general average loss, only two views are possible. Either the sum paid by the owner as general average loss is to be regarded as so much money which the owner has been compelled to pay to ransom from threatened destruction the property which is insured by the defendant, and, therefore, at the defendant's risk ; and the defendant is to reimburse the owner for this outlay, because the defendant is the party really benefited by it. Or else this sum is to be adjusted upon the principles by which a partial loss is adjusted under a valued policy. If the implied liability of the defendant rests

upon the former ground, then an underwriter who insures to the full value should be held liable to repay to the owner the whole sum which he has been compelled to pay out, for this sum has really been paid out for the benefit of the insurer, and not of the owner. The fully insured owner runs no risk of loss, for if his property arrives in safety he has his goods; if they are lost, he has his insurance money; if they are partially lost or damaged, he has his property partly in the form of money, and partly *in specie.* It is immaterial to him whether his goods arrive or not, while to the insurer it is all important that they should come to port in safety. Any outlay, then, made to secure this end, enures directly to the sole benefit of the insurer, and should be borne by him in full. *Strong* v. *New York Firemen Ins. Co.* 11 Johns. 323. If he is an insurer for less than the full value, the outlay enures to his benefit in the proportion that the sum insured by him bears to the full value, and in that proportion he should contribute to it. This would make the rule for contribution the same as that stated in words in the labor clause, and the same arguments would apply to show that the full value is the value which the parties have agreed in the policy to be the full value. If, however, this expenditure is to be contributed to by the defendant according to the principles upon which partial losses are settled under valued policies, the defendant's contribution must be none the less determined upon the basis of the valuation in the policy, and will considerably exceed that claimed by the plaintiffs. The valuation in the policy is equally binding on the parties in cases of total loss, of partial loss and of general average loss, and the method of computation adopted by the defendant cannot be correct, for it disregards entirely the valuation in the policy, and treats it as if it were an open policy. The true rule seems to be, that, although the valuation in the policy may, and in fact must, be disregarded, in ascertaining the quantum of injury suffered, yet that it is in all cases conclusive between insurer and insured in determining the quantum of payment to be made by the insured. *Lewis* v. *Rucker,* 2 Burr. 1167. *Peele* v. *Merchants Ins. Co.* 3 Mason, 27, 71.

In the case of a total loss under a valued policy, the valuation is universally admitted to be binding in determining the amount of payment. In actual total loss, no question arises as to the

quantum of injury. But in cases involving constructive total loss, it may become necessary to ascertain the quantum of injury, that is, the ratio which the cost of repairing bears to the value of the vessel, in determining whether the insured has a right to abandon or not. But, even in cases where the actual value of the vessel has been taken in determining this question, the right to abandon having been once established, the amount of payment has been determined on the basis of the valuation in the policy. *Irving* v. *Manning*, 6 C. B. 391. *Peele* v. *Merchants Ins. Co. ubi supra.* In the case of partial loss, it is now settled that the same rule applies ; that is, in determining the proportional loss of the property insured, whether it is one third or one tenth worse than if no loss had occurred, the actual values are to be taken without regard to the valuation in the policy ; but, in determining what is the amount to be paid by the insurer for this loss, the valuation in the policy only is to be taken, and the actual values disregarded. *Fay* v. *Alliance Ins. Co.* 16 Gray, 455. *Lord* v. *Neptune Ins. Co.* 10 Gray, 109, 130. *M'Gaw* v. *Ocean Ins. Co.* 23 Pick. 405. *Lewis* v. *Rucker, ubi supra. Tunno* v. *Edwards*, 12 East, 488. *Goldsmid* v. *Gillies*, 4 Taunt. 803. *Forbes* v. *Aspinall*, 13 East, 323. Stevens on Average, (1st Am. ed.) 163–168. Stevens & Benecke on Average, 48. 1 Arnould on Ins. (3d Eng. ed.) 292, 293. 2 Phil. Ins. (5th ed.) § 1203. 3 Kent Com. (12th ed.) 274. The doctrine once propounded by some authorities, that in all cases of partial loss the policy was to be treated as if it were an open policy, seems to have arisen from a misapprehension of a remark made by Lord Mansfield in *Le Cras* v. *Hughes*, 3 Doug. 81, and to have been long since abandoned. In so far as *Clark* v. *United Ins. Co.* 7 Mass. 365, is a decision to this effect, it must be regarded as overruled by *Fay* v. *Alliance Ins. Co.* 16 Gray, 455, and other later cases. The same rule as to valuations should be applied in cases of general average loss as of particular average or partial loss ; the contributing values being taken as the actual values. A general average loss is in its nature·the same as a particular average loss. Brett, J., in *Harris* v. *Scaramanga*, L. R. 7 C. P 481, 496. If the case of *Clark* v. *United Ins. Co.* is decided upon the ground that the valuation in a policy must be disregarded in all cases except those of total loss, it was decided in

accordance with a doctrine which has since been overthrown. If the case follows *Lewis* v. *Rucker*, it misapplies the rule there given in estimating the contribution to be paid by the insurer. In either view, it cannot be conclusive of the case at bar.

The sum stated to have been actually received by the plaintiffs as gross freight, cannot be used in determining the quantum of injury or percentage of loss suffered by the freight as a whole. It was the duty of the adjusters at Hamburg to ascertain this; and, in doing so, they had the right to appraise the freight at any value which seemed to them, in the exercise of their judgment, to be proper. They saw fit to appraise it at $13,832.86; and neither party can argue that this was, in fact, too small or too large, or not the value of the whole. We have no means of knowing on what principles they arrived at their valuation, nor have we the right to inquire. It is as conclusive as the finding of a jury. The sum actually received cannot be used in ascertaining the quantum of payment to be made by the insurer to the insured, *i. e.* in fixing the value of the freight to which the percentage of loss is to be applied, for the parties have expressly agreed that this value is $15,000 and not $20,564.34.

3. The clause in the margin of the policy has no bearing on the case, because, in no aspect of the case, is the defendant asked to contribute on a sum greater than that insured by it, namely, $3000. The clause guards against a claim which is never made.

*C. A. Welch*, for the defendant, cited *Clark* v. *United Ins. Co.* 7 Mass. 365; 2 Phil. Ins. § 1410; 2 Parsons Mar. Law, 429; 2 Arnould Ins. (3d Eng. ed.) 824; Dixon on Av. 438; Stevens & Benecke on Av. 13, 221; Lowndes on Av. (2d ed.) 298.

LORD, J. In this case it is agreed that the insured sustained a loss by the perils insured against, which was the subject of general average; and that a general average adjustment was made in Hamburg. To this loss, the vessel, the cargo, and freight must contribute according to their respective values. The insurance which is the subject of controversy here is insurance upon freight. The policy insures $3000 on her freight valued at $15,000. In the adjustment of the general average in Hamburg, the freight earned and received was found to be $20,564.34, and the real question between these parties is,

whether the plaintiff shall be deemed to be an insurer or owner of the excess of the freight above the valued freight in the policy, and so contribute toward the loss to the extent of his interest, or whether, for the purposes of this case, the sum of $15,000 is to be deemed to be the true valuation of the whole freight, thereby rendering the defendant liable to contribution upon that basis.

In *Clark* v. *United Ins. Co.* 7 Mass. 365, this question was first considered in this Commonwealth. It happened in that case that the vessel insured was valued in the policy at $6000, and, as stated in the opinion, the cargo was valued at $2000, its true value when shipped, upon which insurance was effected to the amount of $1500 on the ship and $500 on the cargo. A loss occurred which was the subject of general average. The general average adjustment was made at Dublin, where the value of the ship was found to be $8000, and the true value of the cargo at that port was $5510; and the same question arose in that case as to the ship and the cargo, as in this case arises as to freight. The opinion in that case was delivered by Mr. Justice Sewall, and it is quite apparent that he understood that the result at which he arrived was in accordance with established usage in this Commonwealth. The increased value of the ship, he says, must have arisen either in consequence of an under-valuation at the home port, or " by means of some addition and repairs of an extraordinary nature made in the course of the voyage." The additional value of the cargo was that increased value which is expected as profits at the termination of the voyage. Such increased value, as expected profits, he says, it is not unusual to have insurance upon, " *eo nomine*, made at the same time, as upon an interest which may be distinctly valued and estimated." As to each of these increased values, he held that the assured would be his own underwriter.

This case has been referred to approvingly, and its authority has not been denied, in this Commonwealth; and, although different rules may have been applied by some other courts, so that perhaps this may not be deemed to be the universal rule of insurance in cases of this kind, we suppose it has been the accepted rule among underwriters and those insured within this **Commonwealth.** We are confirmed in this view by finding

among the conditions upon which this policy is issued, as printed in the policy, this provision : " In case of general average this company is not liable to contribute on a sum greater than the amount herein insured." We can attach no other meaning to this provision than that the parties understood that, in case of general average, the contribution was to be made by the respective interests at the true value thereof, and that the sum insured was to contribute in the same proportion that that sum bore to the actual value, and that, as to the difference between the freight as valued in the policy, $15,000, and its real value, $20,564.34, the plaintiff is to be regarded as his own underwriter and to contribute on that sum. In any other view the provision would seem to be without meaning ; and so the plaintiffs contend that it provides against a contingency which can never happen. Upon this construction of the contract, it would seem that, without regard to the general principles of law, the parties have themselves by their contract agreed upon the mode of contribution. It therefore becomes unnecessary to consider whether, without any stipulation by the parties, the same result would be reached by the general principles of law applicable to the subject within this Commonwealth. The judgment of the Superior Court for the smaller sum must, therefore, be

*Affirmed.*